UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIZABETH JOYCE, | : |
| | : CIVIL ACTION NO. 3:12-CV-1124 |
| Plaintiff, | : |
| | : (JUDGE CONABOY) |
| v. | : |
| | : |
| TAYLOR HEALTH AND REHABILITATION | : |
| CENTER, LLC, d/b/a RIVERSIDE | : |
| REHABILITATION & NURSING CENTER | : |
| f/k/a TAYLOR NURSING AND REHAB | : FILED |
| CENTER, | : SCRANTON |
| | : |
| Defendant. | : MAY 12 2014 |
| | : |

PER _____ 
DEPUTY CLERK

### MEMORANDUM

Here we consider Plaintiff Elizabeth Joyce's Motion to Reconsider Entry of Summary Judgment in Favor of Defendant (Doc. 48) filed on March 12, 2014, and accompanied by a brief in support of the motion (Doc. 49). Plaintiff asserts that the Court made an error of law in its grant of summary judgment for two reasons: 1) another United States District Judge in the Middle District did not grant summary judgment in a similar case; and 2) the Court's determination that certain facts were deemed admitted by Plaintiff based on inadequate responses to Defendant's factual assertions was too harsh a sanction for failure to comply with Local Rule 56.1 of the Local Rules of Court of the Middle District of Pennsylvania. (Doc. 49 at 1-5.) Defendant filed Defendant's Brief in Opposition to Plaintiff's Motion to Reconsider Entry of Summary Judgment in Favor of Defendant (Doc. 51) on March 21, 2014. Plaintiff did not

file a reply brief and the time for doing so has passed. Therefore, this matter is ripe for disposition. For the reasons discussed below, we conclude Plaintiff's motion is properly denied.

## I. Background

Although Plaintiff takes issue with the Court's determination that Plaintiff was deemed to have admitted certain facts based on her failure to comply with Local Rule 56.1 (*see* Doc. 45 at 1 n.1), Plaintiff does not propose any specific refutation with her current motion or provide an alternative factual background. (*See* Doc. 49.) Therefore, the Court adopts the factual background set out in the Court's summary judgment Memorandum (Doc. 45 at 1-5) as the basis for deciding the pending motion.

> Plaintiff was employed by Defendant in the position of Licensed Practical Nurse ("LPN") from November 1992 through July 20, 2010. (Doc. 33 ¶¶ 1-2; Doc. 39 ¶¶ 1-2.) She was a member of the Union. (Doc. 33 ¶ 46.)
>
> Plaintiff was born on June 28, 1957, and was fifty-three years old when she was discharged. (Doc. 33 ¶¶ 3-4; Doc. 39 ¶¶ 3-4.) Plaintiff first worked night shift on the first floor caring for patients. (Doc. 33 ¶ 5; Doc. 39 ¶ 5.) She then worked as a floater between the second and third floors and was working day shift on the third floor at the time of her discharge. (Doc. 33 ¶¶ 6-7; Doc. 39 ¶¶ 6-7.) Plaintiff was responsible for approximately thirty residents with duties including passing medications, taking care of orders, supervising CNAs, performing treatments, checking labs and urines and ensuring that residents received nourishment. (Doc. 33 ¶¶ 8-9; Doc. 39 ¶¶ 8-9.)

At the time Plaintiff was discharged, Joan Hanlon was Director of Nursing and Rob Nealon was the Administrator of the facility. (Doc. 33 ¶¶ 11-12; Doc. 39 ¶¶ 11-12.) Defendant was then considered a "special focus facility," generally not considered a positive designation and one which resulted in heightened scrutiny by the Commonwealth of Pennsylvania Department of Health. (Doc. 33 ¶¶ 13-15; Doc. 39 ¶¶ 13-15.) Joan Hanlon and Rob Nealon were responsible for addressing issues at the facility which led to the "special focus facility" designation. (Doc. 33 ¶ 16; Doc. 39 ¶ 16.)

Defendant had a Corrective Discipline System in place which was progressive in nature. (Doc. 33 ¶ 17.) Defendant avers that Plaintiff had been given an Employee Handbook and knew there was a Corrective Discipline System. (Doc. 33 ¶ 18.) Plaintiff maintains she was not given an employee handbook or in-service training on disciplinary issues. (Doc. 39 ¶ 17.)

Defendant states that Plaintiff was issued at least eleven disciplinary actions between August 7, 1995, and July 20, 2010. (Doc. 33 ¶ 21.) Plaintiff states that she testified in another lawsuit ("the Judy Dervas lawsuit") that in the twenty years she was employed she was never written up other than for one day being late due to a snowstorm and all of the discipline imposed on her was imposed in the one year prior to her termination. (Doc. 39 ¶ 19.)

Defendant maintains that Plaintiff was terminated under the Corrective Disciplinary System as a result of two disciplines issued on July 20, 2010, for performing treatments in public areas. (Doc. 33 ¶ 22.) Plaintiff denies this, referencing the pretextual nature of the reasons provided. (Doc. 39 ¶ 22.) Defendant avers that performing a treatment on a resident in a public area is the type of infraction that would contribute to a facility being designated as a "special

>focus facility"; Plaintiff states that Defendant cannot produce evidence that Plaintiff performing treatments in public areas had any effect on the classification as a "special focus facility." (Doc. 33 ¶ 23; Doc. 39 ¶ 23.) Plaintiff also cites the statement made by Joan Hanlon at her deposition that she would have terminated Plaintiff even without the "special focus facility" designation. (Doc. 39 ¶ 23.)
>
>The first treatment which resulted in the July 20th discipline was administered by Plaintiff on July 19, 2010, in a hallway of the facility. (Doc. 33 ¶ 24.) On the same date, Plaintiff was educated regarding proper treatment administration relating to performing treatments in public areas. (Doc. 33 ¶ 25.) Defendant avers that the next day Plaintiff performed another treatment on a resident in a public area; Plaintiff admits to performing the treatment but maintains she performed the treatment in the medication room with the resident's foot in that area. (Doc. 33 ¶¶ 28-29.) Plaintiff acknowledges that the medication room would have been too small to close the door while performing the treatment. (Doc. 33 ¶ 32.) The medication room is not a private area and treatments are not permitted in the room as anyone can see into it. (Doc. 33 ¶ 34.)
>
>Plaintiff admits no one at the facility ever made negative comments about her age and the facility "relied an awful lot on the older workers that were there." (Doc. 33 ¶¶ 38-39.) As of the date of discharge--July 20, 2010--Defendant employed twenty-five others as LPNs, ten of whom were the same age or older than Plaintiff. (Doc. 33 ¶¶ 40-41.) Nineteen of the twenty-five qualified for protection under the ADEA. (Doc. 33 ¶ 42.) Between July 20, 2010, and July 21, 2011, Defendant hired thirty-seven individuals in the position of Licensed Practical Nurse, eleven of whom were the same age or older than Plaintiff and twenty-two qualified for protection under the ADEA. (Doc. 33 ¶¶ 43-45.)

(Doc. 45 at 1-5.)

4

## II. Discussion

### A. *Standard*

The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café v. Quiteros*, 176 F.3d 669, 677 (3d Cir. 1999) (internal quotation marks and citation omitted). "Accordingly a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Addie v. Kjaer*, 737 F.3d 854, 867 (3d Cir. 2013) (internal quotation marks and citation omitted).

### B. *Plaintiff's Asserted Grounds for Relief*

Plaintiff asserts she is entitled to relief in that the Court has made an error of law for two reasons: 1) Judge Malachy E. Mannion, United States District Judge for the Middle District of Pennsylvania, reached a different conclusion in a similar case (Doc. 49 at 1); and 2) in that Plaintiff complied with the requirements of Federal Rule of Civil Procedure 56 in drafting her responses to the Defendant's statement of material facts, the Court's determination that certain facts were deemed admitted by Plaintiff based on inadequate responses to Defendant's factual

5

assertions was too harsh a sanction for failure to comply with Local Rule 56.1 of the Local Rules of Court of the Middle District of Pennsylvania. (Doc. 49 at 4). We conclude Plaintiff has shown no error of law.

With her first basis for relief, Plaintiff argues that this Court should not allow two conflicting rulings to stand. (Doc. 49 at 1.) We conclude that the summary judgment rulings in this case and *Dervas v. Taylor Health and Rehabilitation Center*, Civil Action No. 3:11-CV-1927, 2013 WL 3973973 (M.D. Pa. July 31, 2013), are not conflicting, and the fact that summary judgment was granted in one case and denied in another is of no relevant legal significance.

As is evident from the *Dervas* summary judgment Memorandum excerpt cited by Plaintiff (Doc. 49 at 3), different evidence and arguments were presented. For example, in *Dervas* the plaintiff argued and presented supporting evidence that the employees who absorbed her duties were significantly younger. (Doc. 49 at 3 (citing M.D. Pa. Civ. A. No. 3:11-1929, 2013 U.S. Dist. LEXIS 107148, *9-*10 (M.D. Pa. July 31, 2013)).) Here no such evidence was presented, nor was any argument made on the issue. (*See, e.g.*, Doc. 45 at 11-12.)

Although Plaintiff maintains that this case and *Dervas* arise from the same factual nucleus and that Ms. Dervas' employment record was "far more negative" than that of Plaintiff (Doc. 49 at 4), her assertion that these "facts" warrant reconsideration of our

6

summary judgment decision is unavailing. As Defendant points out, Plaintiff was terminated more than six months after Ms. Dervas, Plaintiff's job duties were completed by different individuals than those who replaced Ms. Dervas, and Plaintiff does not refute that she received eleven employee disciplines and that she was terminated after she performed two treatments in improper areas. (Doc. 51 at 3-5.) While certain general staffing data, relevant supervisory personnel, and institutional characteristics may be similar, many of the facts upon which the Court decided Defendant's summary judgment motion are unique to this case. Plaintiff's broad-brush argument to the contrary simply does not present an error of law which would warrant reconsideration of the Court's determination that summary judgment was properly granted for Defendant.

We further conclude Plaintiff's argument that the Court's application of Local Rule 56.1 was an error of law warranting reconsideration is without merit. (Doc. 49 at 4.) With the current motion, Plaintiff does not refute a single factual assertion deemed to be admitted in the Court's summary judgment Memorandum. Comparing this case to the *Dervas* case where Judge Mannion did not impose sanctions pursuant Local Rule 83.3.1 for the defendant's "technical non-compliance" with Local Rules, 2013 WL

3973973, at *3,[1] Plaintiff avers that "the assertion by the Court that certain Statements of Fact have been deemed admitted is in fact a sanction that is not warranted by the circumstances presented to the Court." (Doc. 49 at 5.) Plaintiff is mistaken: the Court did not sanction Plaintiff for her failure to comply with Local Rule 56.1; the Court merely applied the rule and deemed uncontroverted facts admitted.

### III. Conclusion

For the reasons discussed above, we conclude Plaintiff Elizabeth Joyce's Motion to Reconsider Entry of Summary Judgment in favor of Defendant (Doc. 48) is properly denied. An appropriate Order is entered simultaneously with this Memorandum.

                                   /s/ Richard P. Conaboy
                                   RICHARD P. CONABOY
                                   United States District Judge

DATED: 5-14-14

---

[1] The "technical non-compliance" in *Dervas* was Defendant's inclusion of the statement of facts required in L.R. 56.1 in a separate section of its supporting brief rather than filing it as a separate document and Defendant's failure to include in its filing a certificate of non-concurrence required by L.R. 7.1.